

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# Lion Mining Co v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4243

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lion Mining Co v. Director OWCP" (2007). *2007 Decisions.* Paper 1282.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1282

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4243

LION MINING COMPANY;
FIRE & CASUALTY COMPANY OF CONNECTICUT,

Petitioners,

v.

DARLENE A. COUTTS ( Widow of Ward J. Coutts);
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of an Order of the
Benefits Review Board
(BRB No. 02-BLA-0121)

Submitted under Third Circuit LAR 34.1(a)
on July 11, 2006

Before: SMITH, ALDISERT and ROTH, Circuit Judges.

(Opinion Filed:  April 17, 2007 )

**O P I N I ON**

**ROTH, <u>Circuit Judge</u>:**

Darlene A. Coutts is the widow of Ward J. Coutts, Jr., a former coal miner. After Mr. Coutts passed away in May 2000, Mrs. Coutts filed an application as a surviving spouse for benefits pursuant to the black lung benefits provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq*. To be eligible for benefits, a claimant must establish that the miner had pneumoconiosis which arose out of coal mine employment, and that the miner's death was due to pneumoconiosis. 20 C.F.R. § 718.205(a). A miner's death is due to pneumoconiosis if pneumoconiosis caused the death or was a substantially contributing cause such that it hastened the death. 20 C.F.R. § 718.205(c). Mrs. Coutts received a hearing to determine the cause of death before an administrative law judge (ALJ), who heard testimony and received reports regarding the cause of death from a number of medical experts. The ALJ concluded that Mrs. Coutts was entitled to recover benefits because pneumoconiosis was a substantial contributing cause of Mr. Coutts's death.

On appeal, the Benefits Review Board ("the Board") vacated and remanded the matter to the ALJ so that he could rule on the admissibility of a report and photomicropgraphs prepared by the employer's expert pathologist, Dr. Osterling. On remand, the ALJ admitted all the proffered evidence and again found in favor of Mrs. Coutts. The Board affirmed this determination. Petitioner files a timely petition for review, which we will deny.

2

The Board exercised subject matter jurisdiction over Mrs. Coutt's claim for black lung benefits pursuant to 30 U.S.C. § 932(a), which incorporates 33 U.S.C. § 921(b), authorizing the Board to hear and determine appeals from decisions with respect to claims by employees. We have jurisdiction to review the Board's determination pursuant to 33 U.S.C. § 921(c). We exercise plenary review over the Board's interpretation of law and we also exercise plenary review to satisfy ourselves that the Board adhered to the statutory scope of review. *Barbera v. Director, Office of Workers' Compensation Programs*, 245 F.3d 282, 287 (3d Cir. 2001). The Board — and, by extension, we — must accept the ALJ's findings unless they are contrary to law, irrational or unsupported by substantial evidence in the record as a whole. *Id.* Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Soubik v. Director, Office of Workers' Compensation Programs*, 366 F.3d 226, 233 (3d Cir. 2004).

Petitioner contends that the ALJ's determination is unsupported by substantial evidence because it runs contrary to the findings of its expert, Dr. Osterling. Dr. Osterling provided testimony and reports in which he concluded that macro-nodules were absent from Mr. Coutts's autopsy slides; rather, what appeared to be macro-nodules were really just micro-nodules clustered together. According to Dr. Osterling, absent macro-nodules, pneumoconiosis could not have been a substantial contributing cause of death. Other experts, however, opined that when micro-nodules cluster together, the micro-nodules can have the same effect on the miner as do macro-nodules. In light of the conflicting opinions regarding the effects of clustering, a reasonable person examining the evidence

3

easily could find it adequate to support a determination that pneumoconiosis was a substantial contributing cause of Mr. Coutts's death.

Accordingly, we find that the ALJ's determination was legal, rational, and supported by substantial evidence.  The Board acted within its authority to affirm the determination.  The petition for review will be denied..